[No. 1230.    Decided March 13, 1894.]

THE STATE OF WASHINGTON, *on the relation of Edward F. Hunter*, v. W. W. LANGHORNE, *Judge*.

WRIT OF PROHIBITION — PROCEEDINGS FOR CONTEMPT.

An alternative writ of prohibition against a superior judge will be made perpetual to prevent his carrying into effect a void judgment of contempt, when he has refused upon motion to set aside the judgment, although the return to the alternative writ may recite that the court has no intention of further proceeding in the matter. (STILES, J., dissents).

*Original Application for Prohibition.*

*Edward F. Hunter*, for relator.

*Reynolds & Stewart*, for respondent.

The opinion of the court was delivered by

HOYT, J. — At the time of the issuing of the alternative writ, this court determined that the action of the superior court of Lewis county in adjudging the relator guilty of contempt was without jurisdiction, and that the order en-

tered in pursuance thereof was void. Upon the filing of the answer to the alternative writ these questions have been further argued, but our views in regard thereto have not been changed. It follows that the writ must be made perpetual unless the facts set up in said answer are sufficient to show that there is no danger of said order being carried into effect as against the relator. Upon this question the judge of said court returns that it is not his intention to further proceed in the matter, and, if this statement is to have force regardless of the circumstances surrounding the case, it will establish the fact that there is no need of the exercise of the power of this court to prohibit such further proceeding. In our opinion, however, the statement of his intention by the judge must be considered in the light of all the surrounding circumstances, and if such circumstances were and are such as to warrant the belief on the part of the relator that he is in danger of being proceeded against by virtue of said order, he will be entitled to protection against such danger, notwithstanding the fact that there may have been in the mind of the judge an intention not to so proceed. The answer in no way establishes the fact that such action had been taken in the court below or such expressions made by the judge of said court as to show that there was no danger of anything further being done in the premises. Such being the fact, we think the relator was entitled to act upon what would reasonably be inferred from the circumstances, uninfluenced by any intention which may have been lodged in the mind of the judge. The circumstances not only fail to show that there was no intention on the part of the court to proceed further in the matter, but therefrom the contrary fairly appears.

Viewed in the light of the answer of the respondent, there is no reason why the motion of the relator that the order in question should be set aside should not have been granted, and the fact that the court denied such motion

warranted the relator in assuming that it intended to proceed in the enforcement of the same. This being so, he was justified in appealing to this court for protection. If the court has no intention to further proceed in the enforcement of the order, no harm will be done to any one by having the alternative writ made perpetual, while, if the fears of the relator, as shown by his petition and affidavits, are well founded, it is necessary that the court should be prohibited to prevent the relator from being annoyed by an order which is absolutely void.

For these reasons we think the writ should be made perpetual.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J. (*dissenting*).—I think the respondent's answer sufficiently showed that whatever may have been his purpose when the order was made, that purpose has now passed into the realm of sudden and forgotten impulses, and the proceeding should be dropped.